PER CURIAM.
Contrary to the appellant’s principal contention here, and consistent with representations made by him in the United States District Court,[1] the bankruptcy laws of Panama are not repugnant to public policy as expressed in United States bankruptcy laws.
Another of several issues raised is whether a person adjudicated bankrupt under a Panamanian law may nonetheless bring an action against his creditors in the courts of the United States on grounds that the Panamanian bankruptcy trustee has a conflict of interests where Panamanian law renders the bankrupt without legal capacity to “appear in Court either as a plaintiff or a codefendant except to file actions concerning his person or his words but not *1062 concerning his properties.” Article 1553, Panama Commercial Code. In light of our conclusion that Panamanian laws are procedurally fair, principles of comity require that we follow the foreign law. Wilkinson v. Manpower, Inc., 531 F.2d 712, 715 (5th Cir.1976) (“Mere difference between the law of the forum and that of a foreign state does not prevent enforcement of the foreign law or rights based thereon if such law is not against the public policy of the forum.”); Gadd v. Pearson, 351 F.Supp. 895, 902 (M.D.Fla.1972) (if rights incident to status established by foreign jurisdiction are not repugnant to the laws and policy of Florida, the law of the foreign jurisdiction may be applied under the rules of comity). Kroitoro does not dispute the appellees’ suggestion that one of several remedies available to a bankrupt who is dissatisfied with the trustee’s performance is to petition the appointing tribunal for removal of the trustee. That remedy is still available to the appellant in the ongoing Panamanian proceeding.
The order dismissing, without prejudice, the bankrupt’s suit against the creditors is
AFFIRMED.

. In his Motion to Dismiss Involuntary Petition Under Chapter 7, which was filed in the United States Bankruptcy Court, Kroitoro stated:
In the instant case, a review of Panamanian law reveals that affording comity to the Panamanian Court would not violate American law or public policy.... While not identical in form to American law there is certainly nothing vicious, wicked, immoral or shocking to the prevailing American moral sense in the Panamanian law outlined.
Pursuant to Kroitoro's motion, the bankruptcy court dismissed the U.S. bankruptcy action on February 18, 1986, "in view of the fact that an involuntary bankruptcy proceeding is currently pending in the republic of Panama." Kroitoro then filed the present action in the Dade County Circuit Court on April 2, 1986.